UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALAN HAHN, | Case No.  **01-74656** |
| | 03-73720 |
| Plaintiff, | 04-73318 |
| | 05-70151 |
| v. | |
| | DISTRICT JUDGE |
| BILL MARTIN, *et al.*, | ARTHUR J. TARNOW |
| | |
| Defendants. | MAGISTRATE JUDGE |
| | DONALD A. SCHEER |

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS BASED ON TOTAL EXHAUSTION RULE [DE 296], DISMISSING PLAINTIFF'S COMPLAINTS WITHOUT PREJUDICE, AND ALLOWING PLAINTIFF 60 DAYS IN WHICH TO FILE AN AMENDED COMPLAINT SETTING FORTH ALLEGATIONS AS TO EXHAUSTED CLAIMS ONLY

Before the Court is Defendants' motion for relief from judgment [DE 296].

Defendants argue that Plaintiff's complaints should be dismissed for failure to comply with

the total exhaustion rule adopted by the Sixth Circuit in *Jones-Bey v. Johnson*, 407 F. 3d 801

(6th Cir. 2005).  The Court will construe Defendants' motion as a renewed motion to dismiss

pursuant to the total exhaustion rule.

On September 28, 2005, the Court denied Defendants' motion to dismiss on total

exhaustion grounds.  The Court reasoned that *Jones-Bey* was void under prior Sixth Circuit

case law, namely, *Hartsfield v. Vidor*, 199 F. 3d 305 (6th Cir. 1999).

The Sixth Circuit has since clarified that the total exhaustion rule is the controlling

law of the circuit.  In *Rinard v. Luoma,* ---F.3d----, 2006 Fed. App. LEXIS 6035 (6th Cir.

Mar. 13, 2006) (No. 05-1150), the Court held as follows:

Even after *Jones Bey*, some confusion may have lingered as to this court's

Hahn v. Martin, et al.
Case No. 01-74656

reading of the PLRA's exhaustion requirement in light of our decision in *Hartsfield*. Today we make clear that we continue to subscribe to the long-held standard that "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 559 (6th Cir. 2004) (quoting *Webster v. Fall*, 266 U.S. 507, 511, 45 S. Ct. 148, 69 L. Ed. 411 (1925)). Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it.

*Rinard,* 2006 U.S. App. LEXIS 6035, *4-5 (6th Cir. 2006).

In light of *Rinard*, Defendants filed a motion for relief from the Court's September 28, 2005 order for the purpose of renewing their motion to dismiss based on the total exhaustion rule [DE 296]. Plaintiff filed a response [DE 298]. Although Plaintiff's response argues that he is entitled to further briefing on this issue, the Court finds that further briefing and oral argument are unnecessary. For the reasons that follow, Defendants' motion for relief from the Court's September 28, 2005 order is granted, Defendants' motion to dismiss is granted, Plaintiff's complaints are dismissed without prejudice, and Plaintiff shall have 60 days from the entry of this order in which to file an amended complaint alleging only exhausted claims.

Prior to the Sixth Circuit's decision in *Rinard*, this Court adhered to the view that the PLRA did not require total exhaustion for civil rights claims, even in light of *Jones Bey*. For example, in *Trotter v. Wisneski*, District Court Case No. 04-72673, this Court declined to follow *Jones Bey* but dismissed the plaintiff's claims on the merits. The Sixth Circuit vacated this Court's order pursuant to *Jones Bey* and remanded the case for an order dismissing Trotter's complaint without prejudice for failure to exhaust. *See Trotter v. Wisneski*, Sixth Cir. Case No. 05-1815 (6th Cir. Mar. 8, 2006).

2

2:05-cv-70151-MOB-DAS   Doc # 45   Filed 05/17/06   Pg 3 of 10   Pg ID 1141

Hahn v. Martin, et al.
Case No. 01-74656

The Court has since been compelled to strictly apply the total exhaustion rule in another prisoner civil rights case. *See Day v. Ahmed*, 2006 U.S. Dist. LEXIS 13201 (E.D. Mich. Mar. 27, 2006) (Case No. 05-72677) (Granting Defendants' motion to dismiss and dismissing complaint without prejudice to refiling exhausted claims only).

Under *Jones Bey*'s interpretation of the PLRA, the controlling rule is that:

> [i]f a district court is presented with a "mixed" petition, it has the power under subsection (c)(2) [which permits dismissal on the merits of an unexhausted claim that is frivolous or fails to state a claim] to dismiss any frivolous claims, exhausted or not, with prejudice. However, dismissal under subsection (a) allows the court to dismiss the entire action without prejudice...and allow the prisoner to re-file only exhausted claims.

*Jones Bey*, 407 F. 3d at 807.

In this case, Plaintiff filed a "mixed complaint." He has exhausted his administrative remedies as to some defendants and claims, but has failed to exhaust administrative remedies as to others. On April 8, 2004, the Court issued an order dismissing Plaintiff's claims against "a great majority of the 41 individually-named defendants must be dismissed" from Case No. 01-74656 and Case No. 03-73720. Order of 4/8/04 at 3. The Court determined that Plaintiff had exhausted his administrative remedies and had properly completed service *only* as to the following Defendants:

Case No. 01-74656 (Standish)

Thomas M. Birkett, per grievances SMF0012315826z (Plaintiff's Standish Exhibit, p. 55) and SMF 0102042017A (p. 66); Requests to File During Modified Access ("RTFMA"): August 2, 2001 (p. 112); July 20, 2001 (p. 114); August 2, 2001 (p. 115); August 8, 2001 (p. 116); July 20, 2001 (p. 119); August 3, 2001 (p. 136).

3

Hahn v. Martin, et al.
Case No. 01-74656

Dale Suiter, per RTFMA, October 4, 2001 (p. 109).

Ray Bowerson, per RTFMA, September 5, 2001 (p. 110).

Karen Wright, per grievance SMF 0103055528z.

Mr. Curley, per RTFMA, October 1, 2001 (p. 106).

Barbara Hilborn, per RTFMA's, August 4, 2001 (p. 117) and October 25, 2001 (p. 135).

Merricarol Raines, per RTFMA October 2, 2001 (p. 103).

Case No. 03-73720 (Huron Valley Men's Facility)

Andrew J. Jackson, per grievance HVM 0040048006E (Plaintiff's HVMF Exhibit, p. 41).

All other individual defendants in these cases are dismissed.

Order of 4/8/04 at 3-4.

In addition, the Court found that as to the remaining defendants, exhaustion was substantively incomplete:

> As to the defendants who remain, the exhaustion analysis is still incomplete. Any legal claim or theory offered against a defendant must be dismissed when it is not fairly indicated by a grievance listed above that names that defendant. The Court notes that, as to each remaining defendant, the above-listed grievances exhaust only a fraction of the legal theories offered individually against them.

Id. at 4.

On July 28, 2004, the Court issued an order dismissing some claims as to several defendants [DE 219] on the grounds that only a sub-set of Plaintiff's claims were based on grievances which provided defendants with fair notice of the legal claims or theories alleged. The Court made the following findings as to exhaustion:

4

Hahn v. Martin, et al.
Case No. 01-74656

Case No. 01-74656 (Standish)

As to defendant Thomas M. Birkett, the following grievances are considered exhausted: SMF0012315826z (Plaintiff's Standish Exhibit, p. 55) and SMF 0102042017A (p. 66); Requests to File During Modified Access ("RTFMA"): August 2, 2001 (p. 112); July 20, 2001 (p. 114); August 2, 2001 (p. 115); August 8, 2001 (p. 116); July 20, 2001 (p. 119); August 3, 2001 (p. 136). Taken individually and collectively, the Court finds that these grievances satisfy the PLRA's exhaustion requirements against this defendant as to Plaintiff Alan Hahn's claims under the First and Eighth Amendments (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the Americans With Disabilities Act ("ADA").

As to defendant Dale Suiter, the following grievance is considered exhausted: RTFMA, October 4, 2001 (p. 109). This grievance is found to exhaust Plaintiff Alan Hahn's claims against this defendant under the Eighth Amendment (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the ADA.

As to defendant Ray Bowerson, the following grievance is considered exhausted: RTFMA, September 5, 2001 (p. 110). This grievance is found to satisfy the PLRA's exhaustion requirements as to Plaintiff Alan Hahn's claims against this defendant under the First and Eighth Amendments (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the ADA.

As to defendant Karen Wright, the following grievance is considered exhausted: SMF 0103055528z (p. 69). This grievance is found to satisfy the PLRA's exhaustion requirements against this defendant as to Plaintiff Alan Hahn's claims under the Eighth Amendment (via the Fourteenth Amendment), the Equal Protection Clause of the Fourteenth Amendment, and the ADA.

As to defendant Mr. Curley, the following grievance is considered exhausted: RTFMA, October 1, 2001 (p. 106). This grievance is found to satisfy the PLRA's exhaustion requirements against this defendant as to Plaintiff Alan Hahn's claim under the Eighth Amendment (via the Fourteenth Amendment).

As to defendant Barbara Hilborn, the following grievances are considered exhausted: RTFMA's, August 4, 2001 (p. 117) and October 25, 2001 (p. 135). The Court finds that these grievances satisfy the PLRA's exhaustion

5

Hahn v. Martin, et al.
Case No. 01-74656

requirements against this defendant as to Plaintiff Alan Hahn's claims under
the First and Eighth Amendments (via the Fourteenth Amendment), the Equal
Protection Clause of the Fourteenth Amendment, and the ADA.

As to defendant Merricarol Raines, the following grievance is considered
exhausted: RTFMA October 2, 2001 (p. 103). The Court finds that this
grievance satisfies the PLRA's exhaustion requirements against this defendant
as to Plaintiff Alan Hahn's claims under the First Amendment (via the
Fourteenth Amendment) and the Due Process Clause of the Fourteenth
Amendment.

Case No. 03-73720 (Huron Valley Men's Facility)

As to defendant Andrew J. Jackson, the following grievance is considered
exhausted: HVM 0040048006E (Plaintiff's HVMF Exhibit, p. 41). The Court
finds that this grievance satisfies the PLRA's exhaustion requirements against
this defendant as to Plaintiff Alan Hahn's federal claims under the Eighth
Amendment (via the Fourteenth Amendment), the Equal Protection Clause of
the Fourteenth Amendment, the ADA, the Civil Rights of Institutionalized
Persons Act, the Handicappers Civil Rights Act, and the Federal Rehabilitation
Act.  Further, the Court finds that this grievance also exhausts Plaintiff Alan
Hahn's state claim under Article I, § 17 of the Constitution of Michigan of
1963.

Order of 7/28/04 at 3-4.

The foregoing orders make it clear that the Court gave Plaintiff the benefit of a partial

exhaustion rule.  The total exhaustion rule set forth in *Jones Bey* must be given full

retroactive effect.  *See Makey v. Dyke*, 111 F. 3d 460, 463 (6th Cir. 1997) (quoting *Harper v.

Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (holding that in noncriminal matters,

when the Court "applies a rule of federal law to the parties before it, that rule is the

controlling interpretation of federal law and must be given full retroactive effect in all cases

still open on direct review").  Therefore, the Court's previous finding of partial exhaustion

requires that Plaintiff's complaint be dismissed under the total exhaustion rule.

6

Hahn v. Martin, et al.
Case No. 01-74656

The Court finds that Plaintiff may file an amended complaint at least as to the defendants and claims set forth in the Court's order of 7/28/04 [DE 219]. In addition, Plaintiff may add any new defendants and claims if he pleads and proves that he has exhausted his administrative remedies as to any new defendants and claims.

Plaintiff has submitted several voluminous documents to the Court, some of which purport to add defendants to his lawsuits. Plaintiff may add new exhausted claims to his previously exhausted and filed claims by way of amendment. *Carter v. Robinson*, 211 F.R.D. 549, *7, 2003 U.S. Dist. LEXIS 480 (E.D. Mich. 2003) (No 01-73865). However, even under a broad construction, none of Plaintiff's pleadings could be considered to be proper amendments that would satisfy the total exhaustion rule. Therefore, if Plaintiff wishes to add new defendants and claims to this lawsuit, he must do so by filing an amended complaint in compliance with this Order and demonstrating exhaustion as to each defendant and claim.

In addition, Plaintiff argues in his response that "this is not yet a Civil Rights case" and he will amend his pleadings to conform to the rules for civil rights cases "only after the TRO/PI/Mandamus is GRANTED." Plaintiff's Response at 1 (emphasis in original). However, the law of the Sixth Circuit requires Plaintiff to sustain his burden as to exhaustion before the Court may adjudicate *any* claim set forth in the complaint. *Brown v. Toombs*, 139 F. 3d 1102, 1103-04 (6th Cir. 1998) ("Federal courts should not adjudicate any such claim until after exhaustion unless the complaint [is subject to dismissal because it is frivolous on its face under § 1997e(c)(2)]"). Therefore, even if Plaintiff were correct that his requests for injunctive relief and mandamus are separate from his "civil rights" claims, the Court could not reach those claims given the lack of total exhaustion. More importantly, Plaintiff may not alter the rules of civil procedure or the statutes governing this action by refusing to

7

Hahn v. Martin, et al.
Case No. 01-74656

characterize this lawsuit as a "civil rights case."

Plaintiff also argues that he has already demonstrated total exhaustion.  However, the Court has ruled that Plaintiff's complaint contained both exhausted and unexhausted claims.  *See* Order of 7/28/04, above.  Therefore, dismissal is required, and Plaintiff's only option is to submit a new complaint alleging only his exhausted claims.  The Court notes that if Plaintiff submits the same claims and grievances that were found to be non-exhausted in the Order of 7/28/04, as set forth above, then he will not have sustained his burden under the total exhaustion rule.

The Court acknowledges Plaintiff's recent pleadings, in which he warned the Court as follows:

> 22) Any dismissal of 01-74656, or any other lawsuit we filed is wrong!  We'll simply re-file immediately and attach each and every grievance I ever filed - and also pursuant to 6th Circuit Case Law - again I'll aver all are exhausted by MDOC policy and procedure and relevant case law.  And we'll only advance again, the TRO/PI.

Plaintiff's Motion to Admit Clarifications and Urge TRO/PI Granting, DE 301.

The Court recognizes that the task of organizing the necessary documents and properly pleading exhaustion is difficult, particularly for *pro se* litigants such as Plaintiff.  However, the law requires and the Court expects that Plaintiff will obey this order.  If Plaintiff merely "re-file[s] immediately" as warned, without carefully setting forth his exhausted claims only, then his claims will be dismissed.  A generalized allegation by Plaintiff that he has exhausted all of the claims presented will not satisfy his burden at this stage.

For the purpose of clarification, the Court will require that Plaintiff's complaint contain the following information:

8

Hahn v. Martin, et al.
Case No. 01-74656

(1)     Each defendant's name;

(2)     The legal theories alleged as to each defendant (e.g., ADA, First
        Amendment, Eighth Amendment).  Blanket allegations as to
        every possible theory will not satisfy Plaintiff's burden;

(3)      the grievances pursued as to each claim and each defendant;
        and

(4)     the specific facts underlying the grievance and the claim as to
        each Defendant.

In order to satisfy his burden of proof as to exhaustion, Plaintiff should attach to the
complaint any decision demonstrating the administrative disposition of his claims or describe
with specificity the administrative proceeding and its outcome.  *Knuckles El v. Toombs*, 215
F. 3d 640, 642 (6th Cir. 2000).

## CONCLUSION

Pursuant to *Jones Bey* and the subsequent Sixth Circuit cases discussed above, the
Court finds that the total exhaustion rule requires dismissal of Plaintiff's lawsuits without
prejudice.  The Court will allow Plaintiff 60 days from the date of this order to file a new
complaint setting forth his exhausted claims only. Therefore,

IT IS HEREBY ORDERED that Defendants' motion for relief from the September
28, 2005 Order [DE 296] is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss pursuant to the total
exhaustion rule is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaints are DISMISSED WITHOUT
PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 60

9

Hahn v. Martin, et al.
Case No. 01-74656

days of this order setting forth his exhausted claims only, consistent with the requirements described above.

IT IS FURTHER ORDERED that upon the filing of Plaintiff's amended complaint, the schedule for this case will be expedited as follows:

- Within 30 days of the filing of the amended complaint, Defendants may file a motion to dismiss on grounds of exhaustion of administrative remedies.  Plaintiff shall file a response to Defendants' motion with 21 days;

- If necessary following consideration of Defendants' motion on exhaustion, Defendants may file a motion to dismiss on grounds of qualified immunity.  Plaintiff shall file a response to Defendants' motion within 21 days.

- If necessary, this case shall be expedited for trial.

SO ORDERED.


Date: May 17, 2006                                    S/Arthur J. Tarnow
                                                      United States District Judge

I certify that the foregoing document was electronically served on the attorneys of record on May 17, 2006.

                                                      S/ Kendra Byrd

                                                      Case Manager

10